# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/29/2021 02:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
Case 2:21-cv-06685-SVW-JEM   Document 1-2   Filed 08/18/21   Page 2 of 19   Page ID #:16
21AVCV00528
Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Stephen Morgan

1  George Braunstein, Esq. (SBN 134602)
   Annie Berlin, Esq. (SBN 290508)
2  BRAUNSTEIN & BRAUNSTEIN, P.C.
   11755 Wilshire Blvd., Suite 1600
3  Los Angeles, California 90025
   Website: http://www.braunsteinpc.com
4  Telephone: (310) 914-4999
   Electronic Service Address: service@braunsteinpc.com
5

6  Attorneys for Plaintiff Roderick Mimbs

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **IN AND FOR THE COUNTY OF LOS ANGELES**

10

11 | RODERICK MIMBS,                              | Case No.:  21AVCV00528
12 |        *Plaintiff,*                          | **COMPLAINT FOR DAMAGES**
13 |     v.                                       |
14 | NORTHROP GRUMMAN SYSTEMS                     |
   | CORPORATION, a Delaware corporation;         |
15 | and DOES 1 through 20, inclusive;            |
16 |                                              |
   |        *Defendants.*                         | **DEMAND FOR JURY TRIAL**
17

EXHIBIT A
- 5 -
COMPLAINT

## COMPLAINT

Plaintiff Roderick Mimbs alleges as follows:

## PARTIES

1. Plaintiff Roderick Mimbs ("Plaintiff") is an individual residing in the county of Los Angeles, State of California.

2. Defendant Northrop Grumman Systems Corporation ("NGC") is an entity authorized to operate in the State of California, and authorized and qualified to do business in the County of Los Angeles. NGC's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 3520 E Ave M, Palmdale, California.

3. Defendant Robert Tashiro ("Tashiro") was a supervisor and/or managing agent with NGC for the relevant times mentioned herein. Plaintiff is informed and believes and, on that basis, alleges that Tashiro is a resident of Los Angeles County, California.

4. Defendant Michael Phelan ("Phelan") was a supervisor and/or managing agent with NGC for the relevant times mentioned herein. Plaintiff is informed and believes and, on that basis, alleges that Phelan is a resident of Los Angeles County, California.

5. Plaintiff is ignorant of the true names or capacities of defendants sued herein as Does 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and, on that basis, alleges that each defendant designated by such fictitious names is in some way responsible for the obligations, events, acts, omissions, conduct, wrongdoing, injuries and damages hereinafter alleged. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

6. Plaintiff is informed and believes and, on that basis, alleges that at all times mentioned herein, each of the Defendants, including those named fictitiously, was and now is the agent, servant, employee, representative and alter ego of the remaining Defendants and was at all times mentioned in this Complaint, acting within the course and scope of his authority as such

1 agent, servant, employee, representative and alter ego, with permission and consent of the remaining Defendants.

2. 7. Plaintiff is informed and believes and, on that basis, alleges that each of the Defendants was, at all times herein mentioned, acting in concert with, aiding and abetting, and acting in conspiracy with, each and every one of the remaining Defendants.

8. Plaintiff is informed and believes and, on that basis, alleges that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

9. Plaintiff is informed and believes and, on that basis, alleges that at all times Defendant was an employer as defined in the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900 *et seq.*, in that they employed the minimum or more than the minimum number of employees in the State of California to be classified as an employer. Plaintiff is further informed and believes that Defendants were agents, representatives, and employees of each and every defendant at all relevant times and the acts committed were done within the scope of employment or ratified by Defendants.

**JURISDICTION AND VENUE**

10. This Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure section 410.10 because Defendants are residents of the State of California, incurred their obligations in the state and derived substantial benefits and revenues from their conduct in the state.

11. Venue is proper in this judicial district pursuant to California code of Civil Procedure sections 395 and 395.5 because Defendants transact business in the city of Palmdale, and in the county of Los Angeles, and it is where Defendants' obligations and liability arose. Venue is also proper pursuant to California Government Code section 12965(b) as Plaintiff's work was located in and the majority of unlawful actions on the part of Defendants occurred in the city of Palmdale, and in the county of Los Angeles.

//
//

## ADMINISTRATIVE COMPLAINT AND ISSUANCE OF RIGHT TO SUE

12. Prior to filing this action, Plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH Right-to-Sue letter on June 17, 2020. Plaintiff has therefore filed suit within one year of the issuance of the right to sue notice for the claims presented under the Fair Employment and Housing Act ("FEHA").

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff is a 59-year-old man who began his employment with NGC in October 2004. Plaintiff was employed by NGC for nearly 15 years in various capacities and groups, until he was terminated on June 19, 2019.

14. From October 2004 through October 2008, Plaintiff held the title of Executive IT Support in different groups in the IT sector. Then, in October 2008, Plaintiff transferred into the aerospace sector. He joined the Mission Systems Hardware Group and was promoted to Ground Segment Hardware Engineer. In October 2013, Plaintiff was promoted to Senior Principal Computer Systems Analyst.

15. In or about November 2015, Plaintiff transferred to the Subsystems IPT Group. Plaintiff was hand-picked and brought into the Subsystems IPT Group by Richard Quon. Richard Quon recognized Plaintiff's talent and stellar work performance and believed that the Subsystems IPT Group can benefit from it.

16. Michael Phelan ("Phelan") and Robert Tashiro ("Tashiro") were Plaintiff's supervisors in the Subsystems IPT Group. Throughout his tenure in the Subsystems IPT Group, Phelan and Tashiro created and fostered a hostile work environment, failed to remedy discriminatory practices and promoted discriminatory practices.

17. Plaintiff was treated differently and negatively because of his age. Phelan and Tashiro ignored Plaintiff and treated him as if he did not even exist. In a span of three and a half years, Plaintiff can count on one hand the number of times that Tashiro actually acknowledged his presence. Phelan refused to recognize Plaintiff for his work and accomplishments, despite the fact that Plaintiff's made major achievements and discoveries. Plaintiff was also not invited to many

meetings and excluded from discussions despite the fact that they were directly related to him and his job duties.

18. Tashiro had a group of favorite employees who he would give preferential treatment to, most of whom were in their twenties and thirties. Since Plaintiff did not fit that demographic, he was excluded, treated as an outcast. Phelan had a similar boy's club that Plaintiff was not privy to because Plaintiff was just too old.

19. Throughout the duration of his employment, Plaintiff performed his duties in an exemplary manner. Plaintiff received positive feedback throughout his employment and positive performance reviews. Plaintiff's reviews regarding his performance, knowledge, expertise and initiative, to name a few, were positively glowing. It was not until he joined Tashiro's group that Plaintiff began to receive negative performance reviews; however, even then, the negative reviews pertained solely to an alleged attendance issue, and not to Plaintiff's work performance.

20. Prior to the eventual termination of his employment, Plaintiff observed a major shift to hiring employees who were under the age of 40 and paying them less; most of them were recent college graduates in their 20s and 30s. Plaintiff became aware of the ongoing narrative within the company of the need to purge the "old folks" several years before. It was common knowledge about the company's practice of getting rid of the older employees and hiring younger and cheaper employees in their place.

21. When Plaintiff transferred into the Subsystems IPT Group in 2015, out of 100 employees, at least half of them were over the age 40. When he was terminated in 2019, that number was reduced to about 12. Plaintiff was one of the oldest remaining employees at the time of his firing.

22. *Economic damages*: As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum according to proof at trial.

//

23. *Non-economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

24. *Punitive damages*: Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

25. *Malice*: Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against plaintiff, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

26. *Oppression*: In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff because of his age, association with older people and people with disabilities, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

27. *Fraud*: In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including the fact that Defendants asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to harm Plaintiff and deprive him of legal rights.

28. *Attorneys' fees*: Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

**FIRST CAUSE OF ACTION**

Violation of Gov't Code §12940(a) – Discrimination on the Basis of Age

(Against NGC, and DOES 1-20, inclusive)

EXHIBIT A
- 10 -   - 5 -
COMPLAINT

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30. At all times mentioned herein, the Fair Employment and Housing Act, California Government Code section 12900 *et seq.* ("FEHA"), was in full force and effect and binding upon Defendants.

31. Under FEHA, it is an unlawful employment practice, "[f]or an employer, because of the . . . age. . . of any person . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov. Code § 12940(a). Plaintiff is a member of a class protected by the statute, in particular Section 12940(a), prohibiting discrimination in employment based on age. Further, Government Code section 12926(o) requires defendants to refrain from discriminating against any employee because he or she is associated with someone who is 40 years of age or older.

32. As alleged herein, Defendants' conduct and actions towards Plaintiff, including the termination of her employment, constitutes discrimination based on age, in violation of Sections 12940(a) and 12926(o).

33. Plaintiff's association with employees 40 years of age or older and/or employees with other characteristics protected by FEHA, Government Code section 12900, et seq., were substantial motivating factors in defendants' decision to terminate Plaintiff's employment, to demote plaintiff, not to retain, hire, or otherwise employ Plaintiff in any position, to harass Plaintiff, and/or to take other adverse job actions against Plaintiff, according to proof.

34. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits.

35. As a further direct and proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to his reputation, in an amount to be proven at trial.

//

36. Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

37. Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

38. By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

39. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## SECOND CAUSE OF ACTION

Violation of Gov't Code §12940(j) –Hostile Work Environment

(Against All Defendants, and DOES 1-20, inclusive)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41. Under FEHA, it is an unlawful employment practice, "[f]or an employer, because of [the] . . . age . . . of any person . . . to harass an employee." Cal. Gov. Code § 12940(j)(1). "Harassment of an employee . . . shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Id.

42. "An employee of an entity . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate

EXHIBIT A
- 12 - - 7 -
COMPLAINT

1 | corrective action.  Gov. Code § 12940(j)(3).  An employer is also strictly liable for a manager's
2 | harassment of another employee.
3 |   43. As alleged herein, Plaintiff was subjected to harassing conduct through a hostile
4 | work environment, in whole or in part on the basis of Plaintiff's age and/or other protected
5 | characteristics, in violation of Government Code sections 12940(j) and 12923.
6 |   44. Defendants' conduct, as alleged herein, created a hostile work environment in
7 | violation of Government Code section 12923(b), which provides that a single incident of harassing
8 | conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably
9 | interfered with a plaintiff's work performance or created an intimidating, hostile, or offensive
10 | working environment which unreasonably interfered with Plaintiff's work performance or created
11 | an intimidating, hostile, or offensive working environment.
12 |   45. The unlawful conduct, as alleged herein, was engaged in by supervisors and/or
13 | agents of Defendants and who were acting within the scope and course of their employment.
14 |   46. As a direct and proximate result of Defendants' willful, knowing and intentional
15 | harassment of Plaintiff, Plaintiff has suffered and continues to suffer economic losses including
16 | substantial losses of earnings and other employment benefits.
17 |   47. As a further direct and proximate result of Defendants' willful, knowing and
18 | intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer emotional distress,
19 | mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to his reputation,
20 | in an amount to be proven at trial.
21 |   48. Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct
22 | was done with oppression and malice; with a conscious disregard and reckless indifference for
23 | Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff.  As such, Plaintiff is
24 | entitled to punitive damages, in an amount to be proven at trial.
25 |   49. Plaintiff is informed and believes and, on that basis, alleges that Defendants, through
26 | their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated,
27 | sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or
28 |

1  supervisory employees of Defendants toward Plaintiff.  As such, Plaintiff is entitled to punitive
2  damages, in an amount to be proven at trial.
3      50.    By reason of Defendants' conduct alleged herein, Plaintiff has incurred and
4  continues to incur legal expenses and attorneys' fees.  As such, Plaintiff is entitled to recover
5  reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in
6  addition to other damages as provided by law and as alleged herein.
7      51.    Plaintiff also seeks prejudgment interest and costs of action as provided by law.

### THIRD CAUSE OF ACTION

Violation of Gov't Code §12940(k) – Failure to Prevent Discrimination, Harassment and Retaliation
(Against All Defendants, and DOES 1-20, inclusive)

11      52.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51, inclusive,
12  of this Complaint as though fully set forth herein.
13      53.    California Government Code section 12940(k) makes it an unlawful employment
14  practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination and
15  sexual harassment from occurring."  Cal. Govt. Code § 12940(k).
16      54.    Defendants and their agents or employees failed to take all reasonable steps
17  necessary to prevent discrimination, harassment, and retaliation, and failed to remedy such
18  discrimination and harassment in violation of Section 12940(k). During the course of Plaintiff's
19  employment, Defendants failed to prevent their employees from engaging in intentional actions that
20  resulted in Plaintiff being treated less favorably because of Plaintiff's age and/or or because
21  Plaintiff had engaged in protected activity.
22      55.    In perpetrating the conduct alleged herein, Defendants engaged in a pattern, practice,
23  policy, tradition, custom and usage of unlawful discrimination against and harassment of Plaintiff,
24  denying Plaintiff the protections afforded to him under California Government Code section 12940.
25  As a result, Defendants failed to prevent discrimination, harassment and retaliation.
26      56.    Plaintiff is informed and believes and, on that basis, alleges that he was subjected to
27  discrimination, harassment and retaliation due to his age and/ or other protected status and/or
28  protected activity.

57. As a direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits.

58. As a further direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to his reputation, in an amount to be proven at trial.

59. Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

60. Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

61. By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

62. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## FOURTH CAUSE OF ACTION

Violation of Gov't Code §12940(h) – Retaliation

(Against NGC, and DOES 1-20, inclusive)

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62, inclusive, of this Complaint as though fully set forth herein.

64. Government Code section 12940(h) makes it an unlawful employment practice for "any employer or person" to retaliate against an employee because that employee has opposed a

1 discriminatory practice such as discrimination or harassment or any other practice forbidden under
2 this part. Cal. Govt. Code § 12940(h).

3    65.    Plaintiff's age and/or other characteristics protected by FEHA, Government Code
4 section 12900, et seq., were substantial motivating factors in Defendants' decision to terminate
5 Plaintiff's employment, to demote Plaintiff, not to retain, hire, or otherwise employ Plaintiff in any
6 position, and/or take other adverse job actions against Plaintiff.

7    66.    Defendants' conduct, as alleged, violated FEHA, Government Code section
8 12940(h), and defendants committed unlawful employment practices, including violating the above
9 statute and regulations, by retaliating against Plaintiff for seeking to exercise his rights guaranteed
10 under FEHA.

11    67.    As alleged herein, Plaintiff opposed and complained of Defendants' discriminatory
12 and harassing practices, and was terminated because he attempted to exercise the rights afforded to
13 him under the FEHA. Defendants' conduct, as alleged herein, constituted unlawful retaliation in
14 violation of Section 12940(h).

15    68.    As a direct and proximate result of Defendants' willful, knowing and intentional
16 retaliation against Plaintiff, Plaintiff has suffered and continues to suffer economic losses including
17 substantial losses of earnings and other employment benefits.

18    69.    As a further direct and proximate result of Defendants' willful, knowing and
19 intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer emotional
20 distress, mental anguish, depression, humiliation, embarrassment, anxiety, fear and injury to his
21 reputation, in an amount to be proven at trial.

22    70.    Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct
23 was done with oppression and malice; with a conscious disregard and reckless indifference for
24 Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. As such, Plaintiff is
25 entitled to punitive damages, in an amount to be proven at trial.

26    71.    Plaintiff is informed and believes and, on that basis, alleges that Defendants, through
27 their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated,
28 sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or

supervisory employees of Defendants toward Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

72. By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

73. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## FIFTH CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

(Against NGC, and DOES 1-20, inclusive)

74. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73, inclusive, of this Complaint as though fully set forth herein.

75. Defendants terminated Plaintiff in violation of fundamental, substantial, and well-established public policies as set forth in various state statutes and Constitutional provisions, including but not limited to the FEHA, Article 1 Section 8 of the California Constitution and Labor Code section 1102.5.

76. By reason of the aforementioned conduct and circumstances, Defendants, and each of them, violated the fundamental public policies of the State of California, as set forth in the FEHA and California Constitution which mandates that employees be free from unlawful discrimination, harassment and retaliation. As a further result of the aforesaid conduct of Defendants, Plaintiff has been deprived of his right to a work environment free from discrimination, harassment and retaliation.

77. As a direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits.

78. As a further direct and proximate result of Defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer emotional distress, mental

anguish, depression, humiliation, embarrassment, anxiety, fear and injury to his reputation, in an amount to be proven at trial.

79. Plaintiff is informed and believes and, on that basis, alleges that Defendants' conduct was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

80. Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

81. By reason of Defendants' conduct alleged herein, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Government Code section 12965, in addition to other damages as provided by law and as alleged herein.

82. Plaintiff also seeks prejudgment interest and costs of action as provided by law.

## SIXTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

(Against All Defendants, and DOES 1-20, inclusive)

83. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82, inclusive, of this Complaint as though fully set forth herein.

84. Defendants, and each of them, owed a duty of due care to Plaintiff as an employee to provide Plaintiff with a workplace free from unfair treatment, discrimination, harassment, and retaliation.

85. Defendants, and each of them, breached this duty of care by committing affirmative acts or omissions, as alleged herein. Defendants engaged in extreme and outrageous conduct, as described herein, towards Plaintiff with the intention to cause, or with reckless disregard of the probability of causing, Plaintiff to suffer severe emotional distress, and with wanton and reckless

disregard for the injurious result to Plaintiff. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

86. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety and fear, in an amount to be proven at trial.

87. As a further direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

88. Plaintiff is informed and believes and, on that basis, alleges that the conduct of Defendants, and each of them, was done with oppression and malice; with a conscious disregard and reckless indifference for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

89. Plaintiff is informed and believes and, on that basis, alleges that Defendants, through their officers, directors, or managing agents, authorized, condoned, encouraged, tolerated, sanctioned, ratified, approved of and/or acquiesced to the unlawful conduct of managing agents or supervisory employees of Defendants toward Plaintiff. As such, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress

(Against All Defendants, and DOES 1-20, inclusive)

90. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 89, inclusive, of this Complaint as though fully set forth herein.

91. In the alternative, if said conduct of defendants, and each of them, and of their agents and employees is not found to be intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress.

92. Defendants, and each of them, owed a duty of due care to Plaintiff as an employee to provide Plaintiff with a workplace free from unfair treatment, discrimination, harassment, and retaliation.

93. At all relevant times herein, Defendants had the power, ability, authority, and duty to intervene, supervise, prohibit, control, regulate, discipline, or penalize Defendants and/or their supervisors, agents, or employees.

94. Despite having the knowledge, power, and duty, Defendants negligently and carelessly failed to act to prevent, supervise, prohibit, control, regulate, discipline, or penalize such conduct, acts, and failures to act or otherwise to protect Plaintiff.

95. At all relevant times herein, Defendants' failure to protect Plaintiff and adequately to supervise, prohibit, control, regulate, discipline, or otherwise penalize the conduct, acts, and failures to act of their supervisors, agents, and employees violated Plaintiff's rights.

96. Defendants, and each of them, breached this duty of care by committing affirmative acts or omissions, as alleged herein. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

97. Defendants, and each of them, knew or should have known that said conduct would cause Plaintiff extreme emotional distress.

98. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, depression, humiliation, embarrassment, anxiety and fear, in an amount to be proven at trial.

99. As a further direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer economic losses including substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

## EIGHTH CAUSE OF ACTION

Violation of California Business and Professions Code §§ 17200 et. seq.

(Against NGC, and DOES 1-20, inclusive)

100. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 99, inclusive, of this Complaint as though fully set forth herein.

101. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

102. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

103. A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

   a. Discriminating against Plaintiff on the basis of age in violation of California Government Code section 12940(a);

   b. Harassing Plaintiff and fostering a hostile work environment in violation of California Government Code section 12940(j);

   c. Failing to prevent discrimination, harassment and retaliation towards Plaintiff in violation of California Government Code section 12940(k);

   d. Wrongfully terminating Plaintiff in violation of public policy

104. Pursuant to California Business & Professions Code sections 17200 *et seq.,* Plaintiff is entitled to restitution of the wages and seeks the Court to enjoin Defendants from conducting this behavior in the future; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants, jointly and severally, as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For compensatory damages, according to proof;
4. For statutory damages, according to proof;
5. For punitive damages, according to proof;
6. Attorneys' fees, expenses and costs of action pursuant to Government Code § 12965(b), California Code of Civil Procedure § 1021.5, Labor Code 1105, and other applicable provisions of law;

7. Pre-judgment and post-judgment interest as allowed by law; and

8. For such additional and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff demands trial of this matter by jury. The amount demanded exceeds $25,0000 (Government Code § 72055).

Dated: June 17, 2021                    BRAUNSTEIN & BRAUNSTEIN, P.C

By: _____
George G. Braunstein
Annie Berlin
Attorneys for Plaintiff